**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| JAMEY J. NOEL | ) |
|         Plaintiff(s), | ) |
| vs. | )   4:26−cv−00100−SEB−KMB |
| | ) |
| SCOTT A. MAPLES, JR, et al. | ) |
|         Defendant(s). | ) |

### Order on Pro Se Inmate Civil Rights Filings

These general procedures apply to all non−habeas civil filings of pro se inmates and their opponents in federal, state, or county custody. The parties must carefully read and comply with this Order.

### Summary of How Pro Se Inmate Civil Rights Case Will Proceed

- A case begins with the filing of a complaint and payment of the filing fee.

- The Court will screen the complaint.

- The defendants will not be served with the complaint until after it has been screened.

- Once the defendants have been served with the complaint and have filed their answers to it, the Court will issue appropriate orders to resolve the exhaustion of administrative remedy defense (if a defendant has raised it).

- If the exhaustion defense has not been raised, or once the Court has resolved it, the Court will issue a scheduling order that sets deadlines for initial disclosures by the parties, discovery, and resolution of the case through settlement or Court decision/trial.

- **Unless the Court has given permission because of extraordinary circumstances shown, the parties cannot serve any discovery requests until after the initial disclosures required by the scheduling order have been made.** This provides plaintiffs an opportunity to review what the defendants produce in their initial disclosures to determine whether they need to request additional discovery.

### Filing Fee

- The total filing fee for a non−habeas civil rights complaint is $405 ($350 filing fee plus $55 administrative fee) and is due when the plaintiff files a complaint in this Court.

- A plaintiff unable to pay the entire fee when filing the complaint must file a "Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee" form. The inmate must also attach a printout of his or her prison trust account statement showing transactions for the six−month period

immediately before the filing of the complaint.

- The plaintiff's custodian is hereby **ORDERED** to provide a copy of the plaintiff's trust account statement to the plaintiff upon request for this purpose.

- If *in forma pauperis* status is granted, the plaintiff may be required to pay an initial partial filing fee. Once that partial payment is paid, the Court will issue a collection order to the plaintiff's custodian, and the custodian will forward payments from the plaintiff's account to the Clerk of Court in the amount of 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for the action. If the action is dismissed, the full filing fee of $350 (but not the administrative fee of $55) must still be paid. *See* 28 U.S.C. Â§ 1915(b)(2).

## Screening

- Any complaint filed by a prisoner is subject to screening by the Court to determine whether and which claims may proceed. 28 U.S.C. Â§ 1915A(a). Complaints are not served on the defendants until after screening.

- The Court cautions the plaintiff that very little can happen in the case before the complaint is screened and the defendants have been served and responded. **Motions filed before the Court's screening order has been issued are discouraged and can delay the Court's issuance of a screening order and the resolution of the plaintiff's claims.**

## Complaints and Amended Complaints

- The complaint should be prepared on the "Complaint Form (for filers who are prisoners without lawyers)" available at most prison law libraries or by request to the Clerk of Court. *See* Local Rule 8–1.

- The purpose of a complaint is to give the defendants enough information to understand the claims and why they are being sued. Rule 8(a)(2) of the Federal Rules of Civil Procedure (shortened as "Fed. R. Civ. P.") requires that the complaint contain a short and plain statement of the facts that support the claim. If a complaint is too long and provides more factual details than needed, the Court may dismiss the complaint for violating Rule 8 and provide the plaintiff an opportunity to file an amended complaint.

- It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint, and a complaint or amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. Failure to state the facts and claims within the body of the complaint itself may result in its dismissal.

- A plaintiff may bring claims against multiple defendants in a single complaint, but only if the complaint meets all the requirements of Fed. R. Civ. P. 20(a)(2), including that the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants." A plaintiff may not join claims that do not meet Rule 20 criteria.

- All the above provisions of this order regarding complaints apply also to amended complaints.

## Amending a Complaint

- A plaintiff may file an amended complaint once without requesting leave (permission) within 21 days of the defendant(s) filing an answer or other response to the complaint. Any other amended complaint can be filed only if the Court has given permission to do so or the opposing parties have consented.

- **Multiple amended complaints filed before the Court's screening order has been issued are discouraged and can delay the Court's issuance of a screening order and the resolution of the plaintiff's claims.**

- Unless the Court has determined that the complaint fails to state facts sufficient to state a claim (or the defendants have so argued), it is generally unnecessary to file an amended complaint only to include additional facts against the same defendants.

- A motion for leave to file an amended complaint must explain the reasons why permission to amend should be given, must describe the amendments, and must attach the proposed amended complaint. The proposed amended complaint itself must be written to *replace* the prior complaint, so it cannot simply list changes to the prior complaint(s). This means the proposed amended complaint must be a complete statement of all the plaintiff's claims.

## Motions

- A motion is the way a plaintiff asks the Court to take some form of official action. Such a request must include the word "motion" in the title. The Court will not take any action on a submission that is titled a "letter" or "notice." The motion should be a simple statement of the plaintiff's request. Multiple requests must be made in separate motions. A motion must be filed only in the case to which the motion relates. Every motion must have the relevant case number in the caption.

- The plaintiff cannot file a motion on the same subject matter of a motion already pending before the Court or on a matter the Court has already decided. Motions filed in violation of this order may be stricken or summarily denied.

- Declarations, affidavits, and exhibits should only be filed as attachments in support of a motion, a response to a motion, or a reply in support of a motion. The Court will strike any stand–alone exhibits the plaintiff submits.

## Motions for Preliminary Injunction

- Preliminary injunctions are rarely granted.[1]

- A plaintiff filing a motion for preliminary injunction must show that he or she will suffer irreparable harm and has some likelihood of winning on the merits of the claim.

- An injunction must be related to the claims proceeding in that particular case, and it can only be granted against a defendant. Any motion for injunctive relief that seeks relief from a non–defendant, or relief that is unrelated to the claims in the case, will be summarily denied.[2]

- A "Motion for Assistance" that asks the Court to require the defendants, the prison or its employees, medical personnel, or others to take or not to take certain actions is in essence a motion for injunction and will be subject to these requirements.

---

[1] "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015).
[2] *Benisek v. Lamone,* 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *DeBeers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

**Motions for Assistance with Recruiting Counsel**

- Parties in civil cases do not have a constitutional or statutory right to court–appointed counsel, and there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case.[3]

- The plaintiff should not file a motion for counsel before the complaint has been screened and the defendants have filed an answer.[4]

- If filing a motion for counsel, the plaintiff should use the "Motion for Assistance with Recruiting Counsel" form prepared by this Court. This form is available at most facilities' law libraries or by request to the Clerk of the Court.

**Initial Disclosures**

- The scheduling order to be issued in the case will set a deadline for the plaintiff and all defendants to make initial disclosures to the other parties.

- The initial disclosures the defendants are required to make to the plaintiff include relevant grievances and responses to those grievances, names and work addresses of witnesses, medical records (when appropriate for the case), documents related to the plaintiff's allegations, including incident reports, investigation reports, emails and other communications, and video evidence.

- The purpose of initial disclosures is for the parties to provide most, if not all, information relevant to the case without the need for the parties to do a significant amount of additional discovery. **Unless the Court has given permission because of important circumstances shown (such as the need to learn the identity of a defendant), the parties cannot serve any discovery requests until after the initial disclosures have been made.**

**Communications with the Court**

- **Duty to Update Address:** The Court must be able to locate and communicate with the plaintiff. A plaintiff must file a notice of change of address within 10 days of any change while this action remains pending. If the plaintiff is no longer incarcerated, the notice should include both a mailing address and a phone number or email address. If the plaintiff fails to keep the Court informed of his or her address, the action may be dismissed.

- **Copies:** The plaintiff should not send originals of any document to the Court because the clerk destroys documents after the document has been scanned into the electronic filing system. The plaintiff is responsible for making and keeping copies of filings.

- **Format of Filings:** After an action is opened and the plaintiff receives a case number, every filing must have the case name and case number on the first page, including the letters following the case number. Filings may not contain more than one case number. All filings must be single–sided, legible, have 1–inch margins, and be signed by the plaintiff. Filings without a case number on the first page may be returned unfiled.

- **Requests for Forms:** A plaintiff may get a copy of the forms mentioned in this Order (complaint form, motion for counsel, motion to proceed *in forma pauperis*) by filing a "Request to the Clerk" that specifies what form is needed.

---

[3] *Walker v. Price,* 900 F.3d 933, 938 (7th Cir. 2018); *Watts v. Kidman,* 42 F.4th 755, 764 (7th Cir. 2022).
[4] *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

**Conclusion**

The purpose of this Order is to provide guidance to the parties while also promoting the efficient management of the case. The failure to comply with this Order may result in sanctions, up to and including the dismissal of this action. *See* Fed. R. Civ. P. 16(f), 37(b).

DATE: <u>April 20, 2026</u>                                                                            <u>s/ Sarah Evans Barker</u>
Judge
United Stated District Court
Southern District of Indiana